**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

SANA ENERGY MANAGEMENT,
INC., FAHD A. AHMED & HUSSEIN
A. AJAMI,,

    Plaintiffs,

v.                                                                                    Case No. 19-11072

UNITED STATES OF AMERICA, et al.,

    Defendant.
_____/

**ORDER SETTING DISPOSITIVE MOTION DEADLINE**

The court held a telephonic conference on August 24, 2020. The parties agreed to a revised dispositive motion briefing schedule.

The court will set a dispositive motion deadline requiring Plaintiffs' motion for summary judgment be submitted by October 21, 2020. Defendants' Response and Motion is due by November 11, 2020. Reply is due by November 25, 2020, and surreply is due by December 4, 2020. In any forthcoming motion practice, the parties must comply with the court's motion guidelines, provided below. The guidelines are drawn from the court's ordinary civil case scheduling order. Some matters described therein may be inapplicable simply due to the passage of time. Counsel should attend most closely to the dispositive motion requirements.

    a) **Concurrence.** Before filing *any motion*, read and closely follow E. D. Mich. LR 7.1(a)(2) in seeking concurrence. Moving counsel must *specifically report* the events that lead to concurrence being refused. Unreasonable

withholding of consent may lead to sanctions under LR 7.1(a)(3), as may the absence (or functional absence) of effort to seek an agreement that was later accomplished upon the motion being filed.

**b) Form issues.**

    **i) Chambers' copies of complex briefs.** The court does not require chambers' copies of rudimentary and reasonably concise motions and briefs. However, motions that are complex and accompanied by extensive briefs and numerous exhibits are requested to be provided in physical form as chambers' copies. Generally, if a brief exceeds **twenty pages,** or is accompanied by more than **five exhibits or exhibits totaling more than twenty pages**, a chambers' copy should be provided. **Please deliver such chambers' copies within 48 hours after the brief is filed. Insert a tabbed divider at each exhibit or affix a tab to the first page of the exhibit. Chambers copies should be printed from the docket so that they contain the Pg ID in the upper right hand corner.**

    **ii) Binding:** *avoid top-punching of chambers' copies.* **Bind any judge's or chambers' copies of briefs and appendices with a staple in the upper left corner unless more than about 20 pages are presented, in which case please bind in "book form" along the left margin.**

    **iii) Page limits on text.** The "text" of a brief as discussed in Local Rule 7.1(d)(3) includes things such as the case summary and argument, but

        does not apply to the statement of facts, table of contents, index of authorities, etc.

      **iv) Avoid presenting a "Notice of hearing."** This court always sets its own hearing dates, and it is a waste of time and paper to include a "Notice of Hearing" form in your motion. Such notices are not required either by the Federal or Local Rules.

c) **Briefing and Hearings.** Responses to motions in this case are due as specified in the Federal and Local Rules. The court may set other specific, shorter dates for responses and replies in some motions. An "oral argument" or "hearing" date may be identified, but such date is merely a scheduling device and not a guarantee that argument will be conducted. A motion may be decided on the briefs only, and sometimes just days before argument. Short extensions of deadlines that do not affect other deadlines may be granted by the court's Case Manager Lisa Wagner. Counsel must seek concurrence before contacting the court.

d) **Hearings by telephone.** The court will on its own initiative or at the request of counsel conduct some conferences and hearings by telephone or video conference; other reasonable suggestions that may reduce time, expense, and inconvenience require to resolve a case are invited.

e) **Motion Standards.** Clearly describe the standard governing your motion, but please avoid lengthy boilerplate recitations of legal standards or lengthy "string cites" in support of well-established principles. On the merits, please focus your analysis on a few well-chosen cases, preferably recent and from

controlling courts. You are encouraged to lodge with judge's chambers copies of your main cases, with relevant passages highlighted and tabbed (an equivalent copy to be provided to opposing counsel, but not to be filed with the Clerk). Copies of multiple cases, if provided, are to be submitted in a separate "case appendix" beginning with an index.

f) **Rule 56 Motion Statement of Material Facts; format of "fact appendix."** A Rule 56 motion must begin with a "Statement of Material Facts." Such a Statement is to be included as the first section of the Rule 56 Motion, but the pages of that section do not count against the page limit for briefs. **The Statement must consist of numbered paragraphs briefly describing each material fact underlying the motion**. Each proffered fact must be supported by a citation to record evidence, presented in a separate Fact Appendix.[1]

    The response to a Rule 56 Motion must begin with a "Counter-statement of Material Facts" if any of the moving party's proffered facts are contested. **The paragraph numbering in the Response must correspond to the first Statement of Material Facts.** Any proffered fact in the movant's

---

[1] Examples of movant's separate material factual statements:

1. Plaintiff Jones worked for ABC Corp. in an at-will position from 1999 until his termination in 2005. *Jones* dep., Appdx Ex. 4, pg. 10.

* * *

25. ABC Corp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness. Smith dep., Appdx. Ex. 15, pg. 5.

Statement of Material Facts that is not specifically contested will, for the purpose of the motion, be deemed admitted.[2]

The factual record is to be contained in a separate "fact appendix." Begin the appendix with an index, followed by the tabbed exhibits. Submit enough of a document or deposition to allow it to be read in context, but avoid unnecessarily submitting things, including depositions, *in toto.* Documents and exhibits such as interrogatories, deposition and affidavits provided in the appendix should be highlighted to focus attention on your point.

Chambers' copies of fact appendices of more than 20 pages must be separately bound and include a cover sheet identifying the motion to which they are appended. All pages from the same deposition or document should be at the same tab.

**g)** The court endeavors to decide pending motions promptly, ordinarily within four weeks after a hearing, or within two weeks after the time for a response has passed without a response being filed. Complex motions or those raising novel issues may require additional time to conclude. If a motion has been pending in chambers without resolution for an apparently inordinate time,

---

[2]  For examples of non-movant's corresponding factual statements:

1. Plaintiff admits that he worked for ABC Corp. in an at-will position, but the commencement of employment was in 1997. *Jones* dep., Appdx Ex. 4, pg. 22.

\* \* \*

25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he said in an email to ABC Corp. Vice President Brown that Jones should "mo ve out" since he was "getting along in years." Smith dep., Appdx. Ex. 15, pg. 3

counsel are asked to notify the court's case manager by telephone or in writing (jointly if possible) as to the status of the motion. Such notification is a service that is appreciated by the court and is not viewed by the court as inappropriate or impertinent.

Accordingly,

IT IS ORDERED that Plaintiffs' motion for summary judgment is due by **October 21, 2020**, Defendants' Response and Motion due by **November 11, 2020**, reply is due by **November 25, 2020** and, surreply due by **December 4, 2020**. The parties must comply with the court's motion guidelines set out in this order.

                s/Robert H. Cleland        /
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated:  October 1, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 1, 2020, by electronic and/or ordinary mail.

                s/Lisa Wagner        /
                Case Manager and Deputy Clerk
                (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\19-11072 .SANA.OrderSettingDispositiveMotionDeadline.AAB.docx